THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CONRAD HEISELBETZ, Respondent.

*Limit of fees allowable to counsel assigned by the court to defend a prisoner — a certificate allowing compensation exceeding $500 is a nullity.*

*Semble,* that under section 308 of the Code of Criminal Procedure the aggregate amount which may be awarded to all counsel assigned by the court to defend a prisoner in a capital case cannot exceed $500 and expenses.

A certificate given under the provisions of section 308 of the Code of Criminal Procedure which allows compensation to two counsel, each in the sum of $500, is a nullity and no appeal lies therefrom.

APPEAL by the plaintiff, The People of the State of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of Richmond on the 17th day of March, 1898, denying a motion made by the counsel to the corporation of the city of New York to modify a certificate of a justice of the Supreme Court, certifying the compensation for services of counsel assigned to defend a prisoner.

*Almet F. Jenks,* for the appellant.

*William M. Mullen* and *Sixt Carl Kapff,* respondents in person and for the defendant, respondent.

GOODRICH, P. J. :

The certificate in question was made pursuant to section 308 of the Code of Criminal Procedure, by the learned justice who denied the application to modify the same. It certified that he had allowed William M. Mullen, Esq., compensation for his services as counsel for the defendant Heiselbetz, who had been indicted for murder, in the sum of $500, and also compensation to Sixt Carl Kapff, Esq., for similar services, in the sum of $500, and the further sum of $198.70 for the aggregate amount of their individual and personal expenses. The certificate ordered and directed the comptroller of the city of New York to issue warrants for such amounts. The question presented is whether the section in question confers any power on the court to make an allowance to counsel thus assigned of more than $500 in the aggregate.

Section 308 was originally enacted in 1881 (Chap. 442, Laws of 1881), and provides : " If the defendant appear for arraignment, without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel."

This was amended by chapter 521, Laws of 1893, by adding : " When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death, the court in which the defendant is tried may, in its discretion, and upon satisfactory proof that such defendant is wholly destitute of means, award to such counsel reasonable compensation for his services, which shall be a charge upon the county in which the indictment in the action is found, to be paid out of the proper fund upon the certificate of the judge or justice presiding at the trial."

This section was further amended by chapter 427, Laws of 1897, so as to read as follows :

" § 308.   *   *   *   If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel.   When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death or on an appeal from a judgment of death, the court in which the defendant is tried or the action or indictment is otherwise disposed of, or by which the appeal is finally determined, may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed with the clerk of such court, and also reasonable compensation for his services in such court, not exceeding the sum of five hundred dollars, which allowance shall be a charge upon the county in which the indictment in the action is found, to be paid out of the court fund, upon the certificate of the judge or justice presiding at the trial or otherwise disposing of the indictment, or upon the certificate of the appellate court, but no such allowance shall be made unless an affidavit is filed with the clerk of the county by or on behalf of the defendant, showing that he is wholly destitute of means."

The progressive character of these amendments throws light upon the intention of the Legislature in enacting the last amendment of the section.   The first act provided simply for the assignment of

counsel to a defendant in criminal proceedings. The first amendment authorized the court in case of an indigent defendant to assign counsel, and award reasonable compensation for his services, while the last amendment limited the amount of the compensation to $500. It seems to me that the last amendent was intended as a limitation upon the aggregate amount which should be paid for the defense of an indigent prisoner.

The only authority to which we are cited is the opinion of Mr. Justice BEEKMAN, in *People ex rel. Roth et al.* v. *Fitch, Comptroller* (13 N. Y. L. J. 47, April 4, 1895). This case was decided intermediate the first and second amendments of the section. The learned justice held that the statute imposed no limitation upon the number of counsel who might be assigned by the court, and with this decision we are disposed to agree.

In the present proceeding the learned justice, in his opinion, held that there is no limitation of the aggregate amount of counsel fees to the sum of $500, but that the court might award to each counsel assigned a sum not exceeding $500. I think that this was an erroneous view of the statute.

It is not necessary to consider the use in the section of the singular pronoun " his," in reference to the counsel thus assigned, for the Statutory Construction Law (Chap. 677, Laws of 1892) declares that words in the singular number include the plural, and words in the plural include the singular. The word " counsel," etymologically considered, includes one or more counsel, but this does not affect the question of limitation of amount of compensation. The real question is whether the Legislature intended to limit the aggregate amount to be allowed to counsel; and I think it was the manifest intention of that body to limit it to the sum of $500, regardless of the number of counsel assigned, and also to allow the personal and incidental expenses of the counsel. The court may apportion the $500 between counsel, for the purpose of giving, not adequate compensation, but reasonable compensation within the limitation of the statute. It certainly was not in the contemplation of the Legislature that an unlimited number of counsel could be assigned and $500 set apart for each of them. This whole method is a new feature in criminal procedure, and it must be reasonably interpreted.

But my associates, while concurring with me as to the illegality of the certificate and order appealed from, are of opinion that such certificate and order should be treated as a nullity, and that as there is no authority for an appeal in a criminal case except when provided by statute, the appeal should be dismissed, without costs.

All concurred.

WILLARD BARTLETT, J.:

I concur with the presiding justice upon the merits of the question discussed in his opinion; but I think that no appeal lies from a certificate made under section 308 of the Code of Criminal Procedure.

CULLEN, J.:

I agree in the opinion of Mr. Justice GOODRICH, that the amounts allowed to all counsel for the defendant in a capital case, under section 308 of the Code of Criminal Procedure, cannot exceed in the aggregate the sum of $500. I agree with Mr. Justice BARTLETT, that there is no authority for an appeal to this division from the certificate of the justice presiding at the trial awarding compensation to counsel. If the award is in excess of the amount allowed by law, the comptroller should refuse payment and resist any proceedings taken to enforce it. Had the trial justice, therefore, confined himself to the certificate provided in section 308, this appeal should be dismissed; but the justice assumed to go further, and not only certified the award for counsel, but ordered the comptroller to pay the amount so certified. There is no authority for such an order. When the amount certified is in accordance with law, it is made a county charge, and its payment must be enforced the same as any other county charge; but the justice who grants the certificate has no power to summarily enforce the payment of the sum awarded.

Appeal dismissed, without costs.