(54 Misc. Rep. 208)

### PEOPLE v. HUBEL.

(Supreme Court, Special Term, New York County. April, 1907.)

COSTS—CRIMINAL PROSECUTIONS—APPOINTMENT OF ATTORNEYS—COMPENSATION —ENFORCEMENT.

Under Code Cr. Proc. § 308, on allowance by the court of reasonable compensation to assigned counsel in a capital case, the judge may grant a certificate only and the award thereupon becomes a county charge, but it cannot be enforced by execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 1208.]

Peter Hubel was convicted of murder. Motion to issue an execution for payment of attorney's fee. Execution vacated.

William B. Ellison, Corp. Counsel, for plaintiff.
James J. Fitzgerald, for the People.

O'GORMAN, J. The allowance by the court of reasonable compensation to assigned counsel in a capital case under section 308 of the Code of Criminal Procedure is not an order or judgment under which execution may issue. The justice presiding at the trial may grant a certificate only, and the award thereupon becomes a county charge, payable out of the court fund. The justice granting the certificate possesses no power to summarily enforce the payment of the sum awarded. People v. Heiselbetz, 30 App. Div. 199, 51 N. Y. Supp. 685. Whenever a particular mode of payment of the obligation of a municipal corporation is prescribed by statute such mode must be pursued (Fidelity Deposit Co. v. City of New York, 108 App. Div. 263, 95 N. Y. Supp. 752), and under the Code provision above referred to the comptroller of the city of New York was required to honor the certificate out of the court fund of the county. Mandamus has been uniformly invoked to compel the comptroller to make such payments. People v. Grout, 87 App. Div. 193, 84 N. Y. Supp. 97; Matter of Monfort, 78 App. Div. 567, 79 N. Y. Supp. 765; People v. Coler, 61 App. Div. 538, 70 N. Y. Supp. 639; People v. Coler, 61 App. Div. 598, 70 N. Y. Supp. 755; Matter of Waldheimer, 84 App. Div. 366, 82 N. Y. Supp. 916; People v. Grout, 37 Misc. Rep. 430, 75 N. Y. Supp. 290. Since the adoption of section 1, c. 304, p. 360, of the Laws of 1874, no action is maintainable against the county as such, and no execution can therefore issue against it. Brady v. Super-

visors, 2 Sandf. 460, affirmed 10 N. Y. 260; People v. Green, 56 N. Y. 466; Port Jervis Waterworks Co. v. Port Jervis, 151 N. Y. 114, 45 N. E. 388. By the Revised Charter of 1901 (Laws 1901, p. 6, c. 466, § 8) the title to all the property of the county is now vested in the city of New York. The county law is inapplicable to the county of New York. Laws 1892, p. 1743, c. 686, § 1.

The issuance of an execution to collect the award made to the counsel was unauthorized, and it must be vacated.