THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES Y. VAN DOREN et al., Respondents, *v.* WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, Appellant.

Crimes — practice — assignment of counsel to defend a person indicted for murder can only be made under the statute (Code Crim. Pro. § 308) — when such an assignment irregular and invalid and not a basis for a claim for compensation.

1. The only authority for making an assignment of counsel to defend a person indicted for murder is found in section 308 of the Code of Criminal Procedure. It must appear that the accused is without counsel, and that having been asked if he desires the aid of counsel he expressed himself in the affirmative. This is jurisdictional and cannot be dispensed with.

2. Where the defendant was already represented under a responsible retainer on his arraignment, this fact rebuts any presumption that he was asked if he desired the aid of counsel who might be assigned. In this case there is nothing to indicate that any such interrogatory was put to him by the court or that any counsel was

assigned at that time. There is no recital of any jurisdictional facts in the order to justify it. So far as the record shows, the purported assignment of relators was not only without any request by the accused, but without his knowledge. These facts create the inference that there never was a valid assignment of counsel to form the necessary basis for the claim for compensation which is made by the relators.

*People ex rel. Van Doren* v. *Prendergast,* 165 App. Div. 929, reversed.

(Argued January 5, 1915; decided January 26, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 13, 1914, which reversed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant to pay to the relators the sum of five hundred dollars as compensation for services in defending a person indicted for murder as ordered by the Kings County Court and granted said motion.

The facts, as far as material, are stated in the opinion.

*Frank L. Polk, Corporation Counsel (Charles J. Druhan* and *Thomas F. Magner* of counsel), for appellant. Unless the statute can be construed to empower the court to engage counsel at the public expense for a prisoner who has already retained counsel and filed a written notice of that fact, the order appealed from must be reversed. (*People* v. *Fuller,* 35 Misc. Rep. 189.)

*John L. Danzilo* for respondents. The County Court properly exercised its discretion in granting compensation to counsel. (*People ex rel. Acritelli* v. *Grout,* 87 App. Div. 193; *People ex rel. McAvoy* v. *Prendergast,* 57 Misc. Rep. 541.)

HISCOCK, J. The relators are seeking to compel the appellant to pay to them the sum of two hundred and fifty dollars respectively for services claimed to have been rendered, under an assignment by the County Court of

2

Kings county, in defending a person indicted for murder. The application presents a phase of what seems to have been a somewhat liberal policy in assigning counsel to act in the defense of criminal prosecutions and in directing their compensation from the public treasury.

One Antoniello was arraigned in a District City Magistrate's Court in Brooklyn, December 22, 1913, charged with homicide in having killed one Lazarino three days before. The relator Danzilo appeared for him on such arraignment and subsequently served upon the district attorney a notice that he had been retained by and represented said accused person. January 8, 1914, an indictment was found by the grand jury of said county charging said accused person with the crime of murder in the first degree, and on the same day he was arraigned in County Court and pleaded to said indictment, and said Danzilo appeared for him as counsel on said arraignment. Two days later both of the relators were assigned by the county judge of said county to defend said accused, and thereafter they interposed a demurrer to the indictment which was sustained with leave to re-submit the case to another grand jury. This re-submission resulted in a new indictment and thereupon another attorney filed with the district attorney notice that he had been retained and appeared for said accused person, and it is stated on the argument of this appeal without contradiction that the court has awarded this last attorney the sum of five hundred dollars as compensation for his services in defending the accused. If, therefore, all of these allowances shall be sustained, it will come about that three attorneys will have been appointed to defend the accused person at different stages of the proceedings against him down to the conclusion of the trial, and that the county will have been burdened with a liability of one thousand dollars for these services, there being nothing to indicate that the nature of the charge and prosecution were of an unusual character.

We do not feel that the relators presented facts which entitled them to an order peremptorily requiring the comptroller to pay to them the sum of five hundred dollars which had been awarded by the court.

Of course the force and effect of the order purporting to award the sum for compensation which the relators are now attempting to make the comptroller pay, must depend on the validity of the order purporting to assign them to defend the accused. There can be no compensation for services by them as assigned counsel unless they were properly and legally assigned.

The only authority which the court had for making the assignment of them is and was found in section 308 of the Code of Criminal Procedure, which provides: "If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel."

We are not remitted to any consideration of the question whether the order purporting to assign relators carries with it a presumption that the court had jurisdiction to make it and that it is valid and binding. The order itself is not printed, there being a mere statement that it was made, and we are not, therefore, confronted with any recital of the jurisdictional facts which would have permitted the court to make it. Instead thereof we are made acquainted with facts of a directly opposite tenor than those which would have justified the making of the order and which we must assume were presented to and before the court when the order was made.

Antoniello did *not* "appear for arraignment without counsel" in the County Court. On the other hand he was represented under a responsible retainer, as we must assume, of one of the relators, who had very promptly become his counsel and served notice of such fact on the district attorney. This appearance of counsel already retained on the arraignment of the accused rebuts any presumption that the latter was asked if he desired the

aid of counsel who might be assigned, and there is nothing to indicate that any such interrogatory was put to him by the court or that any counsel was then assigned. A day or two later the order was made purporting to assign the relators. It will be assumed, in accordance with what was held in *People ex rel. Acritelli* v. *Grout* (87 App. Div. 193) that the assignment of counsel might be made at some time other than the occasion of the arraignment of the accused as is strictly provided in section 308. But certainly this assumption does not overcome the further one that on such other occasion, whenever it may be, the specific requirements of the Code must be substantially complied with, and that it must appear that the accused is without counsel, and that having been "asked if he desired the aid of counsel," must express himself in the affirmative. These facts are jurisdictional and they cannot and ought not to be dispensed with. Not only must they be observed but the observation of them should not be in too perfunctory a spirit if on the strength of what an accused may say at such a time the court is going to select a counsel who will be able and willing to discharge the responsible duties of defending a client against the charge of murder in the first degree. So far as this record shows, the purported assignment of relators was not only without any request by the accused, but without his knowledge. Not only do the facts contradict any presumption of a specific request for the assignment of relators, but there is nothing in the record before us to show that the accused even knew that they were acting for him, and, therefore, inferentially approved of their assignment. The services which they rendered were those of demurring to the indictment, and those proceedings did not necessitate any communication between counsel and the accused, and do not imply any such actual relationship as would have made the latter aware of the purported assignment.

Therefore, as it seems to us, the facts on the applica-

tion for a mandamus not only did not show that the relators were entitled thereto, but they created the inference that there never had been any valid assignment of them which would form the necessary basis for such a claim as they were seeking to enforce.

I, therefore, recommend that the order appealed from be reversed, with costs, and that the motion for a mandamus be denied, with ten dollars costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Ordered accordingly.