The People of the State of New York, Appellant, *v.* George Foster, Respondent.

Fourth Department, March 8, 1922.

**Attorney and client — court may not require county treasurer to pay allowance for expenses to counsel assigned for one held by magistrate on charge of murder in first degree but who has not been indicted — all money received by counsel under such order must be returned.**

An order of the Supreme Court directing a county treasurer to pay an allowance for expenses to an attorney assigned as counsel for one held by a magistrate on a charge of murder in the first degree but before any indictment had been found was unauthorized; and, although the attorney may have incurred some expense in protecting the interests of his client, he must refund all that he received under the order with interest from the date he received it.

Appeal by the plaintiff, The People of the State of New York, from so much of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Chautauqua on the 4th day of November, 1921, as vacates and sets aside an order, made at the Chautauqua Special Term and entered in said clerk's office on the 10th day of November, 1919, and so far as said order makes any allowance to Thomas H.

Larkin for the expenses of any alleged reference in this action, or settlement thereof by the Special Term of this court.

*William S. Stearns, District Attorney,* for the appellant.

*Thomas H. Larkin,* for the respondent and individually.

KRUSE, P. J.:

The defendant was held by a magistrate upon the charge of murder in the first degree. Thereafter and on the 30th day of September, 1919, and before indictment, Thomas H. Larkin, his attorney, obtained an order *ex parte* at the Erie Special Term, assigning him as counsel for the accused defendant and at the same time obtained another order for the examination conditionally of witnesses for the defense before a referee, and thereafter, and on the 11th day of October, 1919, he obtained another order *ex parte* at the Erie Special Term directing the county treasurer of Chautauqua county to pay to him the sum of $100, which order recited that the defendant was then imprisoned in Chautauqua county jail on such charge and that it satisfactorily appeared that the attorney in performing his duties as assigned counsel would be obliged to expend for necessary personal and incidental expenses more than that sum. A certified copy of the last-named order was presented to the county treasurer and thereupon, and on October 15, 1919, he paid to Larkin said sum of $100.

The district attorney appeared before the referee and took part in the examination of some of the witnesses, but before the examination was concluded applied to Mr. Justice LAMBERT for an order to show cause why the order for the examination of witnesses should not be vacated and set aside. The order to show cause was granted and upon the return thereof the Special Term vacated and set aside the order for the examination of witnesses and assigning said Larkin as counsel for the defendant.

The defendant was never indicted for the crime of murder in the first degree. In November, 1919, the grand jury returned an indictment charging him with the crime of manslaughter in the first degree, and he pleaded guilty to manslaughter in the second degree, and he was sentenced thereon.

After the district attorney learned of the order directing the county treasurer to pay to Larkin the sum of $100, and the payment thereof to him by the county treasurer, he made a motion at Special Term requiring him to refund and repay to the treasurer the $100 so received, and at the same time Larkin moved to resettle the order which vacated the *ex parte* order for the examination of witnesses. The Special Term vacated the order of November 5, 1919, which set aside the order for the examination

of the witnesses and assigning said Larkin as counsel for the defendant. It also vacated the order of September thirtieth, which appointed and assigned Larkin as counsel for the defendant. It further directed Larkin to pay to the county treasurer the sum of $100 and interest from October 15, 1919, the date when he received the same, less the amount of any moneys necessarily paid out by Larkin in connection with the reference before the referee for the examination of witnesses, and provided that if any dispute arose as to the necessity of any such payments, that such dispute be settled by the Special Term. From that order, so far as it vacates the order of November fifth, which set aside the order for examination of witnesses, and so far as it makes any allowance to Larkin for the expenses of the reference, this appeal is taken.

We are of opinion that the *ex parte* order requiring the county treasurer to pay $100 to the defendant's counsel was unauthorized and that he should be required to return the same without making any deduction for his expenses in connection with the examination of such witnesses, or for any other matter arising out of the criminal proceedings against the defendant.

While section 308 of the Code of Criminal Procedure provides for allowing personal and incidental expenses to counsel assigned by the court to defend a defendant charged with a crime punishable by death, besides reasonable compensation for his services not exceeding a certain sum, that may be done only after indictment for counsel assigned as therein provided, and not then, except upon an affidavit showing that the defendant is wholly destitute of means. Unless this section is substantially complied with no such allowance is permissible. (*People ex rel. Van Doren* v. *Prendergast,* 214 N. Y. 16.)

Here the defendant was not indicted for a crime punishable by death, nor indicted at all when the order and payment was made, but it is said that the Supreme Court having made an order to examine witnesses for the defendant who is without means, had the inherent power therein to provide payment to his counsel for the necessary expenses in connection with such examination.

No statute or the decision of any court, other than that making this order, is cited as authority for such proposition, and I am not aware of any other, although it should be stated that courts of record have, in their efforts to prevent an injustice being done to a person accused of crime in a proceeding pending before it, provided means from county funds for protecting and preserving the rights of such a one, although not expressly authorized by statute. (*People* v. *Willett,* 3 N. Y. Cr. Rep. 54.)

And the Code of Criminal Procedure permits the court, in its

discretion, to direct the county treasurer to pay a reasonable sum for expenses to any witness attending in behalf of the defendant in a criminal action in a court of record (Code Crim. Proc. § 617), but I know of no provision for making any such allowance to the defendant's counsel upon a preliminary hearing or examination of witnesses conditionally before indictment.

The learned district attorney also challenges the order itself, which provides for the examination conditionally of witnesses for the defendant, contending that the papers upon which it was granted were insufficient. The order seems to have been granted under chapter 3 of title 12 of part 4 of the Code of Criminal Procedure, which provides for the examination of witnesses conditionally on behalf of the defendant either before or after the indictment upon showing by affidavits certain facts. (Code Crim. Proc. §§ 620, 621, 622.)

We need not pass upon that question because, even if the order was proper, we think it furnished no sufficient authority for making the allowance to counsel, and besides, the question so far as relates to the evidence itself, is academic, since the defendant has been sentenced upon his plea of guilty to manslaughter in the second degree for the offense charged as murder in the first degree before the magistrate.

The appeal from that part of the order which vacates the order of November fifth, setting aside the order for examination of witnesses, should be dismissed, and so far as the order appealed from provides any allowance to Thomas H. Larkin, defendant's attorney, for personal and incidental expenses, it should be reversed, and he should be required to refund and pay back to the county treasurer of Chautauqua county said sum of $100, together with interest from the 15th day of October, 1919, the day when he received the same.

All concur.

The appeal from that part of the order which vacates the order of November fifth, setting aside the order for examination of witnesses, is dismissed; and so far as the order appealed from provides any allowance to Thomas H. Larkin, defendant's attorney, for personal and incidental expenses, it is reversed, and he is required to refund and pay back to the county treasurer of Chautauqua county the said sum of $100, with interest from October 15, 1919, the day when he received the same.