THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUFUS L. PERRY et al., Appellants, v. CHARLES W. BERRY, as Comptroller of the City of New York, Respondent.

(Argued March 20, 1929; decided April 16, 1929.)

*Ephraim Berliner, Joseph J. Zeiger, Rufus L. Perry* and *Leo Guzik* for appellants. The assignment was valid and compensation proper. (*People ex rel. Acritelli* v. *Grout,* 87 App. Div. 193; 177 N. Y. 587.)

*George P. Nicholson, Corporation Counsel (J. Joseph Lilly, Willard S. Allen* and *George H. Cowie* of counsel), for respondent. The specific requirements of the Code must be substantially complied with. It must appear that the accused is without counsel and having been " asked if he desired the aid of counsel," expressed himself in the affirmative. (*People ex rel. Van Doren* v. *Prendergast,* 214 N. Y. 16.)

POUND, J. On March 12, 1928, the County Court of Kings county made an order directing the Comptroller of the city of New York to pay the relators the sum of five hundred dollars each for services as assigned counsel for the defense on the trial of Fred Lacey, who had been indicted on a charge of murder in the first degree. The Comptroller declined to comply with the order on the ground that it had been improperly obtained and that the court was without jurisdiction to make it. The Special Term granted a peremptory order of mandamus directing payment. The Appellate Division reversed and denied the motion, sustaining the Comptroller in his contention.

Code Criminal Procedure, section 308 provides:

" If the defendant appear for arraignment without

counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel. When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death &ast; &ast; &ast; the court in which the defendant is tried or the action or indictment is otherwise disposed of &ast; &ast; &ast; may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed with the clerk of such court, and also reasonable compensation for his services in such court, not exceeding the sum of one thousand dollars."

Two irregularities are relied on as showing an absence of jurisdictional facts in Lacey's application under this section.

*First.* Lacey did not appear for arraignment without counsel. He was represented by Mr. Perry, one of the relators, on arraignment on January 19, 1928, when a plea of not guilty was entered in his behalf. This objection was held insufficient in *People ex rel. Acritelli* v. *Grout* (87 App. Div. 193; affd., on opinion below, 177 N. Y. 587). When counsel is assigned on a proper application, whether at the arraignment or subsequent thereto, and takes part in the defense, he falls sufficiently within the general scope of the section to be entitled to his compensation.

*Secondly.* It does not appear that at any later stage of the case Lacey appeared without counsel and was asked by the court if he desired the aid of counsel. This is what does appear. Lacey on February 27, 1928, made his affidavit in which he said:

" That I am wholly destitute of means with which to employ counsel to defend me upon the trial of said indictment, or to pay such incidental expenses as may be incurred in the conduct of my defense.

" I therefore respectfully request that the Court assign counsel to aid me in making my defense herein."

Whereupon, on the same day, the court made the order assigning counsel, which contains the following recital:

" The defendant having appeared upon arraignment without counsel, and having been asked by the court if he desired the aid of counsel, and the defendant having stated that he does require counsel, and on reading and filing the affidavit of said Fred Lacey, verified the 27th day of February, 1928, whereby it appears that said defendant is wholly destitute of means to employ counsel or to defray the incidental expenses of his trial on said indictment, now, pursuant to the provisions of section 308 of the Code of Criminal Procedure, * * * "

The irregularity complained of has been held fatal to the allowance of counsel fees on the authority of *People ex rel. Van Doren* v. *Prendergast* (214 N. Y. 16). The cases are quite different. In the *Van Doren* case nothing appeared to indicate that the accused had made a request for counsel or even that he knew that counsel had been assigned. Here it plainly appears that after arraignment Lacey asked the court to assign counsel on the ground that he was wholly without means to employ counsel. The court might have inferred from such statement and request that he had no counsel. When a defendant informs the court that he is without means to employ counsel and asks to have counsel assigned, it is as if the court had followed the ceremonial form and had asked him if he was without counsel and with the desire to have the aid of counsel. No formula is required if the jurisdictional facts are sufficiently brought to the attention of the court.

Some point is made of the circumstance that Lacey had had counsel in the person of Mr. Perry on and before the arraignment and that it could not be inferred that Mr. Perry had ceased to act for him in the absence of Lacey's express statement to that effect. The facts are similar in this respect to the *Acritelli* case where a minority of the Appellate Division dissented on the ground

that the prisoner had appeared by counsel before the court assigned counsel. The objection was held to be of no substance.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.