In the Matter of SYDNEY R. SNITKIN et al., Appellants, against FRANK J. TAYLOR, as Comptroller of the City of New York, Respondent.

Submitted October 4, 1937; decided November 23, 1937.

*Sydney R. Snitkin, Francis J. McCaffrey, Jr., Frederick J. Groehl,* in person, and *Jerome H. Adler, Howard J. Gibbs* and *Julius Blum* for appellants. The jurisdictional facts requisite to the granting of counsel fees exist herein; the orders having been duly entered, the issue of the amount of compensation is *res judicata* and not subject to collateral attack by the Comptroller. (*People* v. *McElvaney,* 36 Misc. Rep. 316; *Blake & Johnson* v. *Lyon & Fellows Mfg. Co.,* 77 N. Y. 626; *Knickerbocker Trust Co.* v. *O., C. & R. S. Ry. Co.,* 201 N. Y. 379.) The Court of General Sessions is the sole auditing body for counsel fees and disbursements in capital cases; the Comptroller is a mere disbursing agent and has no power to ignore the court orders. (*Wormser* v. *Brown,* 149 N. Y. 163; *People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377; *People ex rel. Benedict* v. *Supervisors,* 24 Hun, 413; *People ex rel. Ryan* v. *Ocean,* 5 Daly, 254; *People ex rel. Brown* v. *Board of Apportionment,* 52 N. Y. 224; *People ex rel. Hamilton* v. *Supervisors,* 35 App. Div. 239; *City of Syracuse* v. *Roscoe,* 66 Misc. Rep. 317; *People ex rel. Baldwin* v. *Board of Supervisors,* 12 How. 204; 26 Barb. 118; *Matter of Wilaka Construction Co.* v. *McAneny,* 265 N. Y. 43; *Matter of Rector, etc., Trinity Church* v. *Berry,* 223 App. Div. 742; 248 N. Y. 564; *Matter of Brennan* v. *Board of Education,* 245 N. Y. 8; *Matter of Graybar Construction Co.* v. *Berry,* 264 N. Y. 432.)

*Paul Windels, Corporation Counsel (Robert C. Rand* and *Thomas W. A. Crowe* of counsel), for respondent. In refusing to comply with both orders the Comptroller has chosen his proper and his only remedy. (*People ex rel. Van Doren* v. *Prendergast,* 214 N. Y. 16; *People*

ex. rel. *Perry* v. *Berry*, 250 N. Y. 452; *People* v. *Simpson*, 121 App. Div. 402; *People* v. *Heiselbetz*, 30 App. Div. 199.)

CRANE, Ch. J. One Billy Tarver, on the 29th day of April, 1936, was indicted for murder in the first degree. Two indictments were found against him: one, numbered 208734, for having killed one Trozzo; another, numbered 208735, for having killed one Holloway. It appears that the crime was committed in a saloon fight in the city of New York, borough of Manhattan, in which the defendant and his brother caused the death of the two victims named. It was one occurrence. Billy Tarver, being without funds, the Court of General Sessions assigned him three counsel, petitioners herein. Thereafter Billy Tarver, on the 16th day of June, 1936, pleaded guilty to manslaughter under indictment 208734, and was sentenced on the 20th day of June, 1936, for a term of from six to twelve years in a State prison. This ended indictment 208734, and the charge of " murder in the first degree " thereunder, for having killed Trozzo.

Thereupon the Court of General Sessions made two orders, apparently under section 308 of the Code of Criminal Procedure, allowing counsel $1,000 for their services in the case known as indictment for murder in the first degree, No. 208734, in which the plea of manslaughter had been taken for the killing of Trozzo. The court also made another order giving the same counsel $1,000 for services in indictment 208735, in which the charge was murder in the first degree for killing Holloway, although there is no proof to show that this indictment has been disposed of in any way known to the law.

Under section 308 of the Code of Criminal Procedure the court is without power to make any allowance until the defendant has been tried or the action or indictment is otherwise disposed of. The proceeding or action must be terminated, at an end, and in a way which is legal and recognized by law. Any agreement or statement of

the court or District Attorney that the defendant will not be prosecuted thereafter is insufficient. A criminal action is terminated by a verdict of not guilty, by a conviction or a plea of guilty and judgment entered thereon, or else by an order of the court dismissing the indictment. So long as the indictment is outstanding, undisposed of by a formal order of the court, there is no jurisdiction or power to make counsel an allowance. There is nothing in the papers in this record to show that indictment No. 208735, the Holloway indictment, has ever been dismissed.

The petition in this case asking for allowances simply states that on June 16, 1936, the defendant pleaded guilty (one plea) to the crime of manslaughter. The recital in the judge's order making the allowance is: " The defendant pleaded guilty to indictment No. 208734, Calendar No. 73416, to the crime of manslaughter in the first degree, to cover also Indictment No. 208735, Calendar No. 73415." What this means I do not know. No such language is used or justified by the Code of Criminal Procedure. Does this mean that the defendant also pleaded guilty to manslaughter in the first degree for having killed Holloway? Certainly not, because it is conceded that he only entered one plea of manslaughter and was sentenced on only one plea of manslaughter, and that for having killed Trozzo. This language which I have quoted apparently means that, having pleaded guilty to one indictment, the District Attorney would not prosecute the other; that the plea in the one case was sufficient. But this did not dispose legally of indictment 208735 which, so far as this record shows, has never been dismissed. We have not the indictment before us, but there is not one statement in the record that the plea on that indictment has been " guilty of manslaughter in the first degree," or of any sentence imposed by the court; neither is there any statement that that indictment has been dismissed. Until these facts appear the Court of General Sessions had no power or jurisdiction

to make any allowance for the disposition of indictment No. 208735, the Holloway indictment.

All the parties apparently have treated the fracas or the saloon row, which resulted in the killing of Trozzo and Holloway, as one crime, and the plea to one indictment as being sufficient punishment for the one crime. Should the District Attorney or his successor move for trial the indictment 208735 (Holloway) no doubt the trial would be stayed, or the promise of the District Attorney not to prosecute enforced, by reason of the plea to indictment 208734. The Court of General Sessions would probably be justified in then dismissing indictment 208735; but, until this be done, the court is without power to make any allowance in the case of No. 208735.

We have heretofore recognized the right of the Comptroller to reject these claims for counsel fee and expenses in criminal cases when they were not justified by statute. (*People ex rel. Van Doren* v. *Prendergast*, 214 N. Y. 16; *People ex rel. Perry* v. *Berry*, 250 N. Y. 452; *Matter of Reilly* v. *Berry*, 250 N. Y. 456.)

There is another reason why this allowance in indictment 208735 was illegal on its face. The crime committed by Billy Tarver was perpetrated at the same place, in the same room and at the same time and on the same date, in the same fracas, and resulted in the death of the two men, Trozzo and Holloway. Two indictments were found simply because there were two dead men. These petitioners were assigned to defend Billy Tarver. The cases were treated as one, for it appears in the record that a plea of guilty to manslaughter in the first degree was taken on indictment 208734, the Trozzo indictment, " to cover also indictment No. 208735." The defendant was sentenced as *for one crime only*, and the plea was taken in but one case and the services, so far as this record shows, were rendered only in the one case.

Section 308 of the Code of Criminal Procedure was intended to protect the treasury of the city, and, therefore,

placed a limit upon the amount which might be given to a lawyer for defending a murder case. The limit was $1,000, and yet in this instance the court below has attempted to make it $2,000 for the services rendered in one case, namely, the Trozzo case. There were no services rendered in the Hollaway case, indictment 208735, except as they were identically the same acts and services performed in the Trozzo case. The petitioners have apparently been allowed $2,000 for the same services, the same acts, when the limit is $1,000. This is a mere gift of the city's money, unauthorized by law, even contrary to the Constitution of the State of New York.

The statute itself has not remained unchallenged upon constitutional grounds. (*People ex rel. Acritelli* v. *Grout*, 87 App. Div. 193; affd., 177 N. Y. 587.) In *People* v. *Heiselbetz* (30 App. Div. 199) the court attempted to make a full allowance to each of two assigned counsel. This was held to be illegal and beyond the power of the court. It may be noted that both Judge BARTLETT and Judge CULLEN were members of the Appellate Division in this case. Judge CULLEN there said: " I agree with Mr. Justice BARTLETT, that there is no authority for an appeal to this division from the certificate of the justice presiding at the trial awarding compensation to counsel. If the award is in excess of the amount allowed by law, the comptroller should refuse payment and resist any proceedings taken to enforce it." The Comptroller has made such resistance in this case. While the facts are not the same in the *Heiselbetz* case as in the present one before us, the principle to be applied is the same, for in this case counsel are to be paid in full twice for the same identical services. Whereas the statute limits the amount to $1,000, they have been given $2,000. The lack of power and jurisdiction in the court to make this second order in indictment 208735 is clear and appears from the mere recital of the facts as taken from the record. The judge by an order in indictment 208734 made a full

allowance to counsel of $1,000 for all the services rendered upon the plea of guilty. He had no power to give an additional $1,000 in the other indictment for apparently the same services.

I, therefore, hold:

*First.* That the court was without jurisdiction to make the allowance in indictment 208735, as it nowhere appears in the record that the indictment has been disposed of in any way known to the law, that is, by a judgment or a dismissal of the indictment.

*Second.* That the court had no jurisdiction to allow $2,000 for the same services.

The order should be affirmed, without costs.

LEHMAN, J. (dissenting). On April 29, 1936, the grand jury found two indictments against one Billy Tarver. Indictment numbered 208734 charged the accused with the crime of murder in the first degree for the killing of Achille Trozzo. Indictment number 208735 charged him with murder in the first degree for the killing of Paul Holloway. On May 4, 1936, two orders were made assigning the three petitioners as counsel to defend the accused upon these charges. Each order refers to the crime charged in a separate indictment which is properly identified by number. The orders recite the facts which must be shown in order to invoke the jurisdiction of the court to assign counsel, and the validity of these orders is not challenged. On May 16, 1936, the accused pleaded guilty to manslaughter in the first degree and was sentenced to a State prison. Then the petitioners were entitled to " reasonable compensation " not exceeding the sum of $1,000 for their services in connection with the charge made in either or both indictments, " disposed of " by the plea and sentence of the accused. (Code Crim. Proc. § 308.)

By separate orders each bearing the number of one of the indictments, the court allowed to counsel the sum of $1,000 upon each charge and directed the Comptroller

to pay to each of the petitioners one-third of the sums so allowed. The Comptroller, upon the advice of the Corporation Counsel, paid $1,000 and refused to pay the other $1,000 which he had been directed to pay. Then the petitioners moved for an order of peremptory mandamus to compel such payment.

To justify the Comptroller's refusal to pay in full the sums allowed by the orders signed by a judge of the Court of General Sessions, the Corporation Counsel asserts, in an affidavit submitted in behalf of the Comptroller, that " under the facts and the law the petitioners herein are entitled to one aggregate counsel fee of $1,000, payment of which has already been made to them, for the following reasons." These reasons may be summarized as follows: The crimes charged were committed in the same place, at the same time, on the same date and were part of the same affray. The work of investigating and preparing for trial the charges under either indictment would cover and include the charge under the other indictment. " The court made a single disposition of the two indictments returned against each of the two brothers — a plea of guilty to the lesser crime of manslaughter in the first degree being accepted ' to cover ' both murder indictments returned against each of the two brothers; the sentence imposed covered the two indictments." For these reasons it is said that " first degree murder indictments " should never have been returned and that " the court was without power under the circumstances to award compensation to assigned counsel on a ' per indictment ' basis, i. e., $1,000 for each indictment returned against each of the two brothers, or the total sum of $4,000 to be paid by the City."

In a memorandum stating: " Payment to the petitioners of $1,000 was ample compensation for the services rendered. There was no trial or trials, and the plea of guilty disposed of both indictments " (250 App. Div. 581), the Appellate Division reversed a peremptory order of

mandamus granted at Special Term. If the Appellate Division has power in this *proceeding* to review the order made in the Court of General Sessions fixing the compensation of the petitioners at $1,000 for services rendered upon each assignment, then the order of the Appellate Division must be affirmed. A finding that $1,000 was ample compensation for the services rendered by these petitioners would be justified upon the record here presented. Perhaps, indeed, an allowance of $1,000 for services rendered in defense of the accused upon *each* charge is unreasonable as matter of law under the circumstances here disclosed. The orders are *ex parte* and it does not appear that by motion to vacate or modify the orders for such allowance the error was ever called to the attention of the judge who signed them and opportunity given to him to correct the error which he may have inadvertently committed. The Comptroller might have requested the Corporation Counsel to take appropriate steps to obtain a modification of the order. The Comptroller did not do so. Instead by advice of the Corporation Counsel he refused to obey the direction to pay contained in one of the orders served upon him, and paid to the petitioners only the amount which he was directed to pay by the other order. In this proceeding the question to be decided by the court is not whether the orders granting the allowances are provident or improvident, in fact or in law. They were not subject to review at Special Term or by the Appellate Division on appeal from the order of Special Term. The question in this proceeding is whether the petitioners have a clear legal right to payment by the Comptroller of the amounts he has been directed to pay to them by the orders of a judge of the Court of General Sessions which have not been challenged directly by any court proceeding.

Of course if the judge who signed these orders acted without jurisdiction, they are mere scraps of paper which the Comptroller was bound to disregard. The jurisdiction of the court or judge to allow to assigned counsel

reasonable compensation for services or "personal and incidental expenses" is statutory. Before compensation for services of counsel can be allowed there must be a valid assignment of counsel. (*People ex rel. Van Doren* v. *Prendergast,* 214 N. Y. 16; *People ex rel. Perry* v. *Berry,* 250 N. Y. 452.) Before "personal and incidental expenses" can be allowed it must appear that the expenses claimed were "personal and incidental" within the meaning of the statute. (*Matter of Reilly* v. *Berry,* 250 N. Y. 456.) This court in the cases cited has found that when any of the elements upon which jurisdiction depends is lacking, the Comptroller may, indeed must, disregard the order. The Comptroller is not compelled or permitted to pay assigned counsel any compensation unless the court has by order made an allowance of "reasonable compensation * * * not exceeding the sum of one thousand dollars," as authorized by the statute. An allowance which exceeds the limit, like an allowance made without jurisdiction, is invalid. (Cf. *People* v. *Heiselbetz,* 30 App. Div. 199.) Within that limit the discretion of a court having jurisdiction is plenary. Abuse of discretion, even though so aggravated that it constitutes an error of law, does not deprive the judge or court of jurisdiction. The Comptroller to whom an order to pay is directed may not ignore the order or decide for himself the amount which would constitute a "reasonable allowance." Challenge of the *amount* allowed which does not exceed the limits of the court's jurisdiction must be made in the appropriate court and in appropriate proceedings. The judge at Special Term who granted the peremptory order of mandamus might have directed, or, at least, suggested that challenge of the amount allowed in these improvident orders should be made in the Court of General Sessions and might have adjourned the hearing of the motion for an order of mandamus until that challenge was made and determined; but, as he pointed out, the court at Special Term "cannot interfere with the discretion of the other court;"

and the Appellate Division upon the appeal from the order of Special Term could review that order but not the order of the " other court."

The question remains whether the Court of General Sessions was, as the Comptroller claimed, " without power * * * to award compensation to assigned counsel on a ' per indictment ' basis." The accused was charged with the murder of two men. Though both men were wounded in the same room, on the same day and died as the result of such wounds within the space of two days, yet each homicide was a separate crime. (Penal Law, § 1044.) Separate indictments were found, because an " indictment must charge but one crime." (Code Crim. Proc. § 278.) The accused was arraigned upon both indictments and in accordance with section 308 the court assigned counsel to defend the accused upon each charge. The accused might have been tried upon either charge and if acquitted upon the first trial he might have been tried under the second indictment. (Cf. *Hotema* v. *United States*, 186 U. S. 413.)

The statute makes no provision for a single assignment of counsel upon two charges of separate crime in separate indictments and upon which there may be two trials. The two charges are so closely connected that the work of counsel in investigating the facts and preparing for trial on either indictment would necessarily cover in large part the investigation, and preparation for trial of the other charge might dictate the assignment of the same counsel upon both charges. That was done here. Even so, after the work of preparation for trial was finished, there might be two trials. Counsel assigned to defend upon two charges made in two indictments upon which there may be two trials are entitled to reasonable compensation not exceeding $1,000 for services rendered upon each charge when each indictment is " disposed of." That is true whether the same counsel or different counsel are appointed on each charge. The language of the statute cannot be otherwise construed. Indeed no

suggestion has been made that the limitation that reasonable compensation to assigned counsel shall not exceed $1,000 applies when counsel have been assigned by separate orders to defend an accused upon two charges where each charge has been tried or where for any other reasons separate services have been rendered upon each charge. The contention made is only that for services rendered in only one case there can be only one allowance of compensation and that allowance is in the amount imposed by the statute.

The difficulty with this contention is that it is not sustained by the record. Each order granting an allowance of $1,000 for services rendered recites that the petitioners rendered " the services as set forth in the annexed affidavit." The affidavits are not in the record, but perhaps sufficient has been shown to justify the inference that the same investigation of the facts would substantially cover both charges and that the services rendered were confined to such investigation and to advice, based on that investigation, to plead guilty of manslaughter rather than to risk trial. Where, as in this case, two brothers have been indicted for the homicide of two men in a single affray, the charges against the two brothers are so related that almost inevitably much of the work of investigation could be used for the defense of either accused upon either charge. For all services rendered in defense of *both* accused upon *both* charges, counsel is entitled to " reasonable compensation " subject only to the limitation that the reasonable compensation may not exceed the sum of $1,000 in the defense of a single accused upon a single charge. In fixing an allowance of " reasonable compensation " it would be patent error to duplicate in each case the *full* value of services rendered but once; none the less where counsel have been assigned to defend an accused upon charges made in two indictments, when both have been " disposed of," allowance for the reasonable value of services rendered under both assignments can be made only by apportioning to

*each* indictment the services rendered, perhaps indiscriminately, upon *both* indictments. The statute makes no provision for compensation to assigned counsel except on a " per indictment " basis. There may be difficulty in appraising the value of services upon such basis; error there can be corrected only by appeal from the order fixing the services. Where the court has jurisdiction to fix such value its order may not be disregarded if the amount fixed does not exceed the jurisdiction of the court.

All that has been said is based upon the assumption that *both* indictments have been " disposed of " and that the petitioners were, therefore, entitled to reasonable compensation for services rendered in connection therewith. Though all parties acquiesce in that assumption and though the Appellate Division even in reversing the order of Special Term has said " the plea of guilty disposed of *both* indictments " (italics are mine), it is said in the opinion of CRANE, Ch. J., that only one indictment has been " disposed " of by a single plea of guilty of manslaughter; that the accused has been sentenced under only one indictment though the plea was taken to " cover " both indictments and that the other indictment is still pending. The General Sessions did not so construe its own proceedings, the Appellate Division did not so construe them and the affidavit presented by the respondent expressly states that " the *sentence imposed* covered the two indictments."

The error in the order of the Court of General Sessions is not jurisdictional and the Comptroller had no legal justification for resisting payment directed by the order. The law provides adequate method of correcting error in a judicial order by direct challenge. Disregard of an erroneous order by a conscientious administrative officer may in a particular case be more convenient and expeditious than challenge in the courts. When the courts sanction such disregard or strain to find jurisdictional error where no such error exists they are not destroying technicalities which interfere with a just

result; rather they are destroying the conclusive character of judicial decisions and are rendering determination of the binding effect of judicial orders a question of policy or expediency rather than a question of law.

The order of the Appellate Division and that of the Special Term should be reversed, without costs, and matter remitted to the Special Term to be disposed of as indicated in this opinion.

FINCH and RIPPEY, JJ., concur with CRANE, Ch. J.; HUBBS, J., concurs with CRANE, Ch. J., on the first ground stated in the opinion; LEHMAN, J., dissents in opinion in which O'BRIEN and LOUGHRAN, JJ., concur.

Order affirmed.