In the Matter of the Application of SAMUEL STERN and GEORGE NORTON, Respondents, for a Peremptory Mandamus Order Directed to and against FRANK J. TAYLOR, as Comptroller of the City of New York, and FIORELLO H. LAGUARDIA, as Mayor of the City of New York, Appellants.

First Department, February 11, 1938.

*Oren Clive Herwitz* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the appellants.

*Arthur J. W. Hilly* of counsel [*Samuel Stern* with him on the brief; attorney], for the respondents.

MARTIN, P. J. The petitioners herein were assigned as counsel to defend one Michael Nemirka who had been indicted for murder in the first degree. The trial was commenced on March 23, 1937, and continued until March 30, 1937, when a mistrial was declared because a witness for the People inadvertently referred to the fact that the defendant was on parole from a State prison. Thereafter, on April 6, 1937, the trial judge ordered that each of the petitioners be allowed the sum of $500 as compensation for services rendered. Subsequently, on May 10, 1937, a retrial was commenced before another judge which retrial resulted in the defendant's pleading guilty on May 18, 1937, to the crime of murder in the second degree. On June 6, 1937, that judge made an order allowing each of the petitioners $500 for services rendered. On June 17, 1937, this latter allowance was paid. The defendants refused to pay the first allowance.

The right to the allowances granted for services in connection with the mistrial depends upon the construction to be given section 308 of the Code of Criminal Procedure, which reads as follows: " If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel. When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death or on an appeal from a judgment of death, the court in which the defendant is tried or the action or indictment is otherwise disposed of, or by which the appeal is finally determined, or the court in which an action is suspended or discontinued or otherwise disposed of on the ground that the defendant has been heretofore or is hereafter declared incompetent by a duly appointed commission, may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed with a clerk of such court, and also reasonable compensation for his services in such court, not exceeding the sum of one thousand dollars."

The Court of Appeals has construed the aforesaid section in *Matter of Snitkin* v. *Taylor* (276 N. Y. 148) as authorizing an allowance only where the indictment has been disposed of by a judgment or dismissal. The court said: " Under section 308 of the Code of Criminal Procedure the court is without power to make any allowance until the defendant has been tried or the action or indictment is otherwise disposed of. The proceeding or action must be terminated, at an end, and in a way which is legal and recognized by law. * * * A criminal action is terminated by a verdict of not guilty, by a conviction or a plea of guilty and judgment entered thereon, or else by an order of the court dismissing the indictment.

So long as the indictment is outstanding, undisposed of by a formal order of the court, there is no jurisdiction or power to make counsel an allowance."

The respondents urge that said case is distinguishable upon the particular facts involved therein. There is no ground for distinction. The facts differ from those in the case at bar only to the extent that there counsel were defending one accused by two separate indictments of having committed two murders in which there was a plea to one indictment and the other remained undisposed of by the court. In the case at bar the indictment involved in the first trial remained undisposed of after the mistrial.

The Court of Appeals undoubtedly has construed the section as meaning that only where an indictment has been disposed of by a formal order of the court may compensation be awarded. Otherwise there could be an allowance each time there was a mistrial, although the trial may have been in progress for but a few minutes. There must be a limit to such allowances. The rule set forth in the above cited case prevents the grave abuses possible if the contention of the respondents should be sustained.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

GLENNON and UNTERMYER, JJ., concur; O'MALLEY, J., concurs in separate opinion; DORE, J., dissents and votes for affirmance.

O'MALLEY, J. (concurring). I am constrained to concur for reversal. However, it should be noted that a grave injustice may in some instances result from our ruling. A trial may have proceeded for weeks before a mistrial is declared; and a second trial may require as much, or longer time, before there is a final disposition of an indictment. Surely it may not be said that in such an event counsel will have been sufficiently compensated by one allowance.

DORE, J. (dissenting). After a trial that lasted a week, a mistrial was declared through no fault whatever of defendant or his counsel. There are numerous facts radically distinguishing this case from *Matter of Snitkin* v. *Taylor* (276 N. Y. 148), including the fact that the indictment has been disposed of and the action terminated. The order appealed from should be affirmed.

Order reversed, with twenty dollars costs and disbursements, and motion denied.