In the Matter of the Application of PEERLESS CASUALTY COMPANY, Respondent, for an Order of Mandamus against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Appellant.

Second Department, May 18, 1942.

*Stanley Buchsbaum* [*William C. Chanler, Corporation Counsel,* and *Thomas W. A. Crowe* with him on the brief], for the appellant.

*Joseph A. Solovei* [*Murray Brensilber* with him on the brief], for the respondent.

PER CURIAM. On February 1, 1940, the respondent executed a bail bond in the sum of $1,000 to secure the appearance in court of one Patterson, who had been arrested and charged with the crime of rape. On March 1, 1940, Patterson interposed a plea of guilty to assault in the third degree. On March twentieth the case appeared on the calendar for the imposition of sentence on defendant. Patterson defaulted and the bail was declared forfeited. On June 4, 1940, the amount of the forfeited bail was paid by the surety. On March 19, 1941, an order to show cause was issued out of the County Court of Kings County, returnable March 20, 1941, on an application by the surety to vacate and set aside the forfeiture. The return day of the motion was within the one-year limitation prescribed by section 598 of the Code of Criminal Procedure. Soon after the making of the motion, it was ascertained that Patterson was serving as a private in the United States Army and in camp at Little Rock, Ark. Having received this information from the district attorney and being advised that if the expense of returning Patterson to Kings county be paid he would be brought back, the surety paid $250 on March 27, 1941, to a county detective for that purpose and Patterson was returned to Kings county on April 1, 1941. On June 11, 1941, Patterson was sentenced to a term of imprisonment, thus disposing of the indictment against him.

Neither the comptroller nor the city treasurer is a necessary or a proper party to a proceeding for a remission of the forfeiture. (Code Crim. Proc. §§ 597, 598.) The comptroller is, therefore, not a party aggrieved and, to the extent that the appeal is taken from the order remitting the forfeiture, it must be dismissed.

Under the provisions of the Code of Criminal Procedure dealing with bail, including cash bail, forfeiture and remission, the county treasurer or, in the city of New York, the chamberlain (now the city treasurer) acts as a depositary. Notice of an application for a remission is required to be given to the district attorney and not to any other county official or to any city official of the city of New York. (Code Crim. Proc. § 598.) When an order of the County Court directing a remission of bail forfeiture is made, it is the duty of the comptroller to obey it, unless the order is void because of a lack of jurisdiction. Such was the fact in the cases in the First Department cited by the comptroller. In each of such cases the motion was made after the expiration of one year from the time of the forfeiture. In *Matter of Snitkin* v. *Taylor* (276 N. Y. 148) the Court of General Sessions exceeded its jurisdiction by making an award to counsel of more than $1,000.

Since the application herein was made within the year, and since the affidavits contained some facts, though meagre, upon which the discretion of the County Court was exercised, the order of the Supreme Court directing the comptroller to pay the sum of $1,000 to the respondent should be affirmed, with fifty dollars costs and disbursements.

The appeal from the resettled order of the County Court of Kings County remitting the bail forfeiture should be dismissed, without costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Order of the Supreme Court unanimously affirmed, with fifty dollars costs and disbursements.

Appeal from resettled order of the County Court of Kings County dismissed, without costs.