■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. DOMINICK LA MONICA, Defendant, CONTINENTAL CASUALTY CO., Appellant, and LAWRENCE E. GEROSA, as Comptroller of the City of New York, Respondent.— We agree that the application for a remission of the forfeiture was not timely made within the one year provided for in section 598 of the Code of Criminal Procedure. Consequently the order was void. (See *Matter of Peerless Cas. Co.* v. *McGoldrick,* 264 App. Div. 179, 180, affd. 290 N. Y. 638.) The issuance of a certificate, within the one-year period, by the District Attorney to the effect that the People had lost no rights did not remove the necessity for making the application for remission of the forfeiture within the one-year period. (See *People* v. *Martin,* 225 App. Div. 572.) Neither the Comptroller nor the Treasurer is a necessary or proper party in a proceeding under section 598 of the Code of Criminal Procedure for a remission of forfeited bail. (*Matter of Peerless Cas. Co.* v. *McGoldrick, supra.*) Under section 598 notice need be given only to the District Attorney of the county. Special Term was apparently unaware of the untimeliness of the application when it initially granted the surety's motion for a remission by its order of March 12, 1959. However, when that order was served on the appropriate city officials on March 13, 1959, even though it was considered void because of lack of jurisdiction, the order should not have been disregarded but a direct challenge should have been made to it in an appropriate judicial proceeding. Since, however, nothing was done until the instant motion was made, we are denying respondent costs on this appeal for the failure to make expeditious challenge to the order of March 12, 1959, even though we find that such disregarded order was void. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.