Samuel J. Silverman, J.
Application under section 308 of the Code of Criminal Procedure for allowance of counsel fees to assigned counsel in a first degree murder case. Defendant was indicted for first degree murder on August 28, 1964 and the present counsel were assigned to represent him pursuant to section 308 of the Code of Criminal Procedure on September 3, 1964. Various motions and other steps were taken in the case. But before the case went to trial, a superseding indictment was filed on May 19,1965 again accusing said defendant of murder in the first degree — for the same alleged murder. The same counsel has been assigned to represent the defendant. Pursuant to section 292-a of the Code of Criminal Procedure, the first indictment has been “ set aside ” by reason of the filing of the superseding indictment.
Counsel now ask for an allowance for their services on the first indictment on the ground that that indictment has now been ‘ ‘ disposed of ’ ’ under section 308 of the Code of Criminal Procedure.
The application is denied.
The fair meaning of section 308 of the Code of Criminal Procedure is that the allowance to counsel for services rendered by counsel to one defendant for one crime shall be limited to the amounts specified in the statute (here $2,000 where there are two counsel). Thus, in Matter of Snitkin v. Taylor (276 N. Y. 148) the Court of Appeals held that only one allowance is permissible where the same counsel represented a defendant on two indictments for first degree murder, each involving a different victim, but the two murders being “ one occurrence ” (p. 150). The court held that the two murders constituted 1 ‘ one case ’ ’ and so there could be only one allowance. The court pointed out that section 308 of the Code of Criminal Procedure <£ was intended to protect the treasury of the city ’ ’ and that to permit two allowances would be <£ a mere gift of the city’s money” (pp. 152,153).
If only one allowance could be permitted in the Snitkin case where there were two indictments involving two victims, it would seem a fortiori that there can be only one allowance in this case where there is one victim.
The fact that there has been a superseding indictment does not mean that there are now two cases, where there was only *724 one before. For many purposes, including I think this one, a superseding indictment plays a role in criminal cases analogous to that of an amended pleading in a civil case. Thus, for example, a superseding indictment returned after the period of the Statute of Limitations would otherwise have run is not barred if the first indictment was returned in time (People v. Silverman, 253 App. Div. 683, 686 [1st Dept. 1938], revd. 278 N. Y. 670 [1938]).
Allowance of counsel fees may only be made once in a first degree murder case, at the end of the case (cf. Matter of Snitkin v. Taylor, supra). To allow it when the superseding indictment is filed and the first indictment “ set aside ” would open the way to two allowances, exceeding the statutory limit.
Accordingly, the application to fix counsel fees is denied.