HON. MARVIN I. HONIG County Attorney, Rensselaer County
By letter dated March 16, 1976, you advise that there is proposed legislation presently pending before the Rensselaer County Legislature dealing with legal services furnished to indigents by the County pursuant to the provisions of Articles 18-A and 18-B of the County Law. You further advise that a portion of this legislation involves the use of a form by criminal court justices and the Family Court as an aid in making determinations of indigency prior to the assignment of counsel. You request an opinion of the Attorney General as to whether or not the use of such form, a copy of which accompanied your letter, is precluded by any provision of State law.
Subsequently, by letter dated March 26, 1976, in response to our request, you forwarded to this office a copy of the proposed legislation. The proposed legislation is entitled "Resolution Requesting Use of Attached Application for Public Defender/Assigned Counsel by Criminal Court Justices within Rensselaer County."
In the Resolution the first Whereas clause states that the total projected cost to the taxpayers of Rensselaer County for providing legal assistance to those persons accused of a crime and determined to be indigent is in excess of $135,000 for the year 1976. The next such clause states that such assistance should be limited to such persons as are "truly in need thereof" and that individuals who would obtain such assistance by falsely representing their economic situation should be discouraged from doing so. The last Whereas clause states that "there is annexed hereto a proposed standard application for free legal assistance, which is submitted in the expectation that the same may assist justices of the local criminal courts within Rensselaer County in their determination of those persons truly in need of such legal assistance."
The Resolving clause reads "that the annexed form entitled `Application for Public Defender/Assigned Counsel' be and it hereby is endorsed and approved by the County of Rensselaer for use by local criminal court justices within the said county in making assignments pursuant to Articles 18-A and 18-B of the County Law of the State of New York" and further provides that the clerk of the Rensselaer County Legislature shall prepare 50 copies of the annexed form for each of the said justices.
A "Local criminal court" is defined in subdivision 3 of section10.10 of the Criminal Procedure Law. In Rensselaer County the following are "local criminal courts": (1) a city court; (2) a town court; (3) a village court; (4) a supreme court justice sitting as a local criminal court; and (5) a county judge sitting as a local criminal court.
At the top of the first page of the two-page form is the venue and the title of the proceeding after which appears the following:
"TO THE ABOVE NAMED DEFENDANT:
 "The following questions must be answered fully and truthfully. The Court will make a determination as to your eligibility for free legal assistance in the above case based on your answers to the following questions:"
Such form contains 25 questions which ask, inter alia, the following information from the defendant: marital status; spouse's name and address; names and ages of children; his spouse's occupation and salary; his spouse's business address; if he or his spouse own jewelry and, if so, a description of such jewelry; if he or his spouse own any insurance and, if so, a description of same; if he or his spouse is the beneficiary of any estate and, if so, the name of such estate or if he or his spouse is presently suing to recover money damages from anyone and, if so, a description of such legal action. At the beginning and at the end of such questions, the following paragraph is set forth:
 "FALSE STATMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR UNDER SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK."
At the end of such form spaces are provided for the date and for the signature of the defendant and a witness.
Legislative power in relation to the courts is reserved to the State Legislature by the New York State Constitution and by State statutes. The pertinent portions of such laws are:
New York State Constitution, Article IX, § 3(a):
 "(a) Except as expressly provided, nothing in this article shall restrict or impair any power of the legislature in relation to:
* * *
 "(2) The courts as required or provided by article VI of this constitution * * *."
New York State Constitution, Article VI, § 30:
 "The legislature shall have the same power to alter and regulate the jurisdiction and proceedings in law and in equity that it has theretofore exercised. * * *."
Municipal Home Rule Law, § 11(1) (e):
 "1. Notwithstanding any provision of this chapter, the legislative body shall not be deemed authorized by this chapter to adopt a local law which supersedes a state statute, if such local law:
* * *
 "e. Applies to or affects the courts as required or provided by article six of the constitution."
Municipal Home Rule Law, § 34(2) (f):
 "2. Except in accordance with or consistent with laws enacted by the legislature, a county charter or charter law shall not contain provisions relating to:
* * *
 "f. The composition, functions, powers, duties or jurisdiction of a court or of the officers thereof * * *."
Articles 18-A and 18-B of the County Law do not confer upon county legislative bodies the authority to assign counsel for indigent defendants. The assignment of counsel is made "in the exercise of the trial court's inherent power and in the discharge of its constitutional and statutory duty to furnish counsel to every indigent defendant charged with a crime * * *." (Matter ofStream v. Beishem, 34 A.D.2d 329, 333.) The court does not need recourse to any particular method to assign counsel. (People ex rel. Perry v. Berry, 250 N.Y. 452.) The power is inherent. (People ex rel. Williams v. LaVallee, 19 N.Y.2d 238. )
Article 18-B of the County Law (sections 722 and 722-f) does require each county to set up a plan to insure representation for indigent defendants. In Matter of Stream v. Beishem, supra,
at page 334, the Court explained the purpose of such plan and its limitations:
 "It should be emphasized that article 18-B (§§ 722-722-f) of the County Law, like section 35 of the Judiciary Law, is merely cumulative. They are both new statutes designed to facilitate and implement the court's exercise of its inherent power. They serve to provide a constant, ready source of available counsel; to define the amount and source of their compensation, and the manner of payment. But they do not and cannot entrench upon the court's inherent power and fundamental duty to provide counsel to an indigent defendant."
Imposing upon the court criteria to use in determining the need for assigned counsel and providing for the punishment to be meted out in the event a false statement is made to the court does "entrench upon the court's inherent power and fundamental duty to provide counsel to an indigent defendant."
In our opinion, the adoption of the proposed Resolution by the Rensselaer County Legislature calling for the use by local criminal court justices within said County of such form for the purpose of determining eligibility for assigned counsel to persons accused of a crime is without legal authority and as such is in conflict with the above-quoted provisions of the New York State Constitution and the Municipal Home Rule Law.